In the Matter of S.G.

No. 11–05–00360–CV.

Court of Appeals of Texas, Eastland.

Sept. 27, 2007.

Kameron D. Johnson, Ruben V. Castaneda, Juvenile Public Defenders, Austin, for appellant.

Ronald D. Earle, Dist. Atty., Holly Eileen Taylor, Texanna Davis, Asst. Dist. Atty's, Austin, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

This is an appeal from an order modifying S.G.'s juvenile probation and committing her to the Texas Youth Commission (TYC). The issue involves the effective date of a modification order that was recommended and signed by the referee and later approved by the juvenile court judge. We affirm.

### Background Facts

In October 2004, the juvenile court found that S.G. had engaged in delinquent conduct. The court entered a judgment of delinquency and ordered that S.G. be placed on probation at Settlement Home in Austin. However, S.G. was unsuccessfully discharged from Settlement Home. Consequently, the court modified the terms of S.G.'s probation and placed her in the Rockdale Juvenile Facility. Pursuant to the court's order, S.G. was to remain at Rockdale until successfully discharged, and the period of probation was to expire "June 31, [sic] 2005." On June 9, 2005, S.G. successfully completed the treatment program at Rockdale and was discharged. On that same date, an agreed motion and order modifying the terms of S.G.'s probation—to the custody of her grandmother until June 30, 2005—was signed by S.G., her attorney, the assistant district attorney, and an associate judge/referee. The

juvenile court judge signed the agreed motion and order on June 24, 2005. The terms and conditions of probation that were attached to the agreed motion and order required S.G. to be in her grandmother's residence between the hours of 8:00 p.m. and 6:00 a.m. This curfew requirement was new; the previous order placing S.G. at Rockdale did not contain such a provision. The State filed a motion to modify on June 28, 2005, alleging that S.G. had violated the terms of her probation by breaking curfew on June 21, 2005. This allegation was found to be true, and the terms of S.G.'s probation were again modified—this time committing her to TYC. It is from this final modification order that S.G. appeals.

S.G. contends in her sole issue that the court erred in finding that she violated the terms of her probation because there was no valid court order in effect at the time of her June 21 violation. S.G. asserts that the order was not enforceable until June 24 when it was signed by the juvenile court judge. While we agree with S.G. that associate judges, referees, and masters are not vested with the authority to act as judges, *In re D.G.*, No. 05–01–00208–CV, 2002 WL 338875 (Tex.App.-Dallas Mar. 5, 2002, pet. denied) (mem. op., not designated for publication), we cannot conclude that the order did not take effect until it was signed by the juvenile court judge.[1]

The Texas Family Code provides that a county juvenile board may appoint a referee to make detention determinations and conduct hearings under the Juvenile Justice Code. TEX. FAM.CODE ANN. § 51.04(g) (Vernon 2002). When a referee conducts a

---

1. We note that, in a suit affecting the parent-child relationship, an order signed only by an associate judge constitutes a final order of the referring court if the order is an agreed order, a default order, or a temporary order. TEX. FAM.CODE ANN. §§ 201.007(a)(14), (c); 201.016(c) (Vernon Supp.2006). The Family Code, however, contains no such provision for an agreed order signed by a referee in a juvenile case.

hearing[2] on a petition to modify the disposition in a juvenile case, the referee must, at the conclusion of the hearing, transmit written findings and recommendations to the juvenile court judge, who "shall adopt, modify, or reject the referee's recommendations not later than the next working day after the day that the judge receives the recommendations. Failure to act within that time results in release of the child by operation of law."[3] TEX. FAM.CODE ANN. § 54.10(d) (Vernon Supp.2006); *see also* TEX. FAM.CODE ANN. § 54.05 (Vernon Supp. 2006). Section 54.10(d) also provides that a referee's "recommendation that the child be released operates to secure the child's immediate release subject to the power of the juvenile court judge to modify or reject that recommendation." In this case, the agreed order operated to release S.G. into the custody of her grandmother. Therefore, we are of the opinion that it took effect immediately upon being signed by the referee.

Even if the agreed order did not operate as a "release," various provisions in the Family Code provide that orders of referees are enforceable when made. In addition to providing that a referee's recommendation of release "operates to secure the child's immediate release subject to the power of the juvenile court judge to modify or reject that recommendation," Section 54.10(d) also provides that other recommendations made by a referee remain in effect unless altered by the juvenile court judge or by operation of law. Similar to Section 54.10(d), TEX. FAM.CODE ANN. § 54.01(*l*) (Vernon Supp.2006) provides for a referee's order at a detention hearing to take immediate effect and states that the "effect of an order detaining a child shall be computed from the time of the hearing before the referee." If the agreed order had not taken effect at the time it was signed by the referee, S.G. would still have been subject to the disposition order previously entered by the juvenile court judge, which placed responsibility for S.G.'s care and placement with the Travis Juvenile Probation Department instead of the release of S.G. to her grandmother.

We hold that the order took effect when the referee signed it because the orders of referees are effective immediately if they recommend that the juvenile be released and because, even though they may not be final judgments, the orders of referees are otherwise enforceable until the juvenile court judge adopts, modifies, or rejects them or until they are altered by operation of law. Since the order was in effect at the time that S.G. violated its terms, the trial court did not err in revoking S.G.'s probation and committing her to TYC. S.G.'s sole issue on appeal is overruled.

The order of the trial court is affirmed.

---

**2.** We note that it does not appear that a hearing was conducted with respect to the agreed order. The court's docket sheet shows that the agreed order was "submitted" to the court.

**3.** In this case, neither party contends that any failure to timely act occurred or that any such failure should have resulted in the release of S.G. from the terms and conditions of her probation, and there is nothing in the record indicating when the juvenile court judge received the agreed order